COURT OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-442-CR
ANDY JAMES ORTIZ                                                                        
APPELLANT
V.
THE STATE OF TEXAS                                                                        
STATE
------------
FROM THE 396
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Andy James Ortiz was convicted
of capital murder, and because the State waived the death penalty, he received
an automatic life sentence. In one point on appeal, he complains that the
evidence is insufficient to sustain his conviction. In his argument, Appellant
specifically complains that the State failed to prove that he was present at the
murder scene, that he committed the murder, and that the sexual intercourse he
had with the complainant was nonconsensual. Because we hold that the evidence is
legally sufficient to support Appellant's conviction, we affirm the trial
court's judgment.
Although Appellant does not state whether
he raises legal or factual insufficiency, because he relies on Blankenship
v. State,(2) which in turn relies on Jackson
v. Virginia,(3) we treat his point as a
challenge to the legal sufficiency of the evidence and shall not address its
factual sufficiency.(4) In reviewing the legal
sufficiency of the evidence to support a conviction, we view the evidence in the
light most favorable to the verdict.(5) We may
not overturn the verdict unless no rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.(6)
This standard of review applies in both direct and circumstantial evidence
cases.(7)
Appellant was indicted for "THEN AND
THERE INTENTIONALLY CAUS[ING] THE DEATH OF . . . B[.] S[.] BY STRANGLING [HER]
WITH A LIGATURE [WHILE] IN THE COURSE OF COMMITTING OR ATTEMPTING TO COMMIT THE
OFFENSE OF AGGRAVATED SEXUAL ASSAULT." Lack of consent is an element of
aggravated sexual assault.(8) The evidence showed
that Jennifer Ledesma discovered the decomposing body of her roommate and
coworker, the complainant, in late May 1997 after Ledsma had returned to their
Tarrant County apartment from a weekend trip to Austin. The apartment appeared
to have been ransacked, and a stereo and some jewelry were missing.
The medical examiner testified that the
complainant was dressed in swimsuit bottoms, a satin top and shorts, and socks.
Her hands were bound behind her with an iron cord; the iron was still attached.
She had been strangled with a leather strap, which was still around her neck.
Strangling was the cause of death. While still alive, the complainant had also
been hit in the head with a blunt instrument, which could have been the iron.
Semen that was later determined to be Appellant's was found in her mouth. Two
days before her body was discovered, the complainant's abandoned car, with its
blinkers on, had been found a few miles away and had been towed to the city
pound. Appellant's fingerprint was found on the passenger door. Ledesma, another
coworker, the complainant's cousin, and the complainant's mother all testified
that they had never seen Appellant and that the complainant had never mentioned
him. Appellant rested without putting on any evidence.
Applying the appropriate standard of review, we cannot say that no rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.(9) We therefore overrule
Appellant's sole point on appeal and affirm the trial court's judgment.
 
                                                                               
PER CURIAM
 
PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED FEBRUARY 20, 2003]

1. See Tex. R. App. P. 47.4.
2. 780 S.W.2d 198 (Tex. Crim. App. 1989).
3. 443 U.S. 307, 99 S. Ct. 2781 (1979).
4. See Davila v. State, 930 S.W.2d 641, 648 (Tex.
App.--El Paso 1996, pet. ref'd).
5. Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.
Crim. App. 1992), cert. denied, 507 U.S. 975 (1993).
6. Emery v. State, 881 S.W.2d 702, 705 (Tex. Crim.
App. 1994), cert. denied, 513 U.S. 1192 (1995).
7. Kutzner v. State, 994 S.W.2d 180, 184 (Tex.
Crim. App. 1999).
8. See Tex. Penal Code Ann. § 22.021(a)(1)(A)(ii)
(Vernon Supp. 2003).
9. See Emery, 881 S.W.2d at 705.